# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-60662

United States Court of Appeals
Fifth Circuit

**FILED**

September 11, 2018

Lyle W. Cayce
Clerk

MCGILL C. PARFAIT,

> Petitioner

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR; PERFORMANCE ENERGY SERVICES, L.L.C.; SIGNAL MUTUAL INDEMNITY ASSOCIATION, LIMITED,

> Respondents

Petition for Review of an Order of the
Benefits Review Board

Before DAVIS, OWEN, and ENGELHARDT, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

McGill C. Parfait filed this Petition for Review to challenge a ruling by the Benefits Review Board ("BRB") in a proceeding in which Parfait sought benefits under the Longshore and Harbor Workers' Compensation Act ("LHWCA"). Parfait's employer, Performance Energy Services, L.L.C. ("Performance" or "Employer"), and its insurer, Signal Mutual Indemnity Association, Ltd. ("Signal" or "Insurer"), moved to dismiss the Petition for Review based on 33 U.S.C. § 933(f) and (g) of the LHWCA. The motion charged that Parfait had received funds in settlement of a tort action with a third party,

No. 16-60662

Apache Corporation ("Apache"), and a judgment against another third party, Wood Group PSN, Inc. ("Wood Group"), for the injuries for which he sought compensation benefits. The Employer and Insurer argued that Parfait failed to obtain approval or provide notice of the settlement and judgment as required by the above sections of the LHWCA.

Based on written responses by Counsel for Parfait to questions posed by this Court, it is clear that Parfait received substantial sums from a settlement with and judgment against third parties and that the required notice was not given. Based on the plain language of the statute, we must dismiss this Petition for Review.

## A.    BACKGROUND

In December 2013, Petitioner filed a claim with the Office of Workers' Compensation Programs for total/permanent disability benefits under the LHWCA for back and chest injuries he sustained in an accident on June 30, 2013, while working for Performance. Following a formal hearing, the administrative law judge ("ALJ") awarded Petitioner $1,493.60 in temporary total and temporary partial disability benefits for his chest injury. The ALJ denied his claim for benefits for his back injury. The Petitioner then appealed the ALJ's award to the BRB, which affirmed. The Petitioner then lodged this Petition for Review challenging the BRB's ruling denying total/permanent disability benefits for his back injury.

Petitioner also filed a third-party tort action against Apache and Wood Group in the Southern District of Texas arising out of his June 30, 2013 accident. While Petitioner's appeal to the BRB was under submission, the Employer learned from counsel for Apache that Petitioner had settled a portion of the third-party tort action. The Employer also learned, after inquiring of Wood Group's counsel, that a judgment had been entered in favor of Petitioner

2

No. 16-60662

against Wood Group. After the appeal was lodged in this Court, the Employer and Insurer moved to dismiss the appeal alleging that Petitioner failed to obtain their approval of the third-party settlement, or to notify them of the third-party judgment, as required by § 33(g) of the LHWCA. In an effort to determine whether any factual issues were presented that required remand of this case to the BRB, we submitted questions to counsel for Petitioner and Respondents. On August 13, 2018, Counsel for Parfait, in response to questions from the Court, divulged that[1]:

(1) On or about April 25, 2016, Petitioner compromised a suit he had pending against Apache in the Southern District of Texas, with Petitioner receiving $325,000. Petitioner reserved his right in his release with Apache to proceed against Wood Group.

---

[1] **Response of Petitioner to Question 1 (State the net amount the Claimant received in the two settlements that he made with third parties):**

On or about April 25, 2016, Claimant McGill Parfait entered into a release and indemnity agreement with Apache Corporation in order to settle the suit initiated by McGill Parfait against Apache Corp., *et. al.* in the U.S. District Court for the Southern District of Texas – Galveston Division, C.A. No. 3:14-cv-00213. The net amount of this settlement was $325,000.00 (three-hundred twenty-five thousand dollars) to McGill Parfait. Expressly excepted from this settlement was Wood Group PSN, Inc., its parents, subsidiaries, affiliates and interrelated companies, against all of whom Claimant McGill Parfait expressly reserved his rights, actions and causes of action.

Following a jury trial in April 2017, on or about July 2017, McGill Parfait entered into a release and indemnity agreement with John Wood Group PLC ("Wood Group") in order to settle the suit initiated by McGill Parfait against Wood Group, et al., in the U.S. District Court for the Southern District of Texas–Galveston Division, C.A. No. 3:14-cv-00213. <u>This 'settlement' did not represent a compromise of Parfait's claim, and followed a jury trial that was held in April 2017, which resulted in a favorable verdict for Parfait which was published as public record by the District Court on June 2, 2017, as Doc. No. 204 in that cause</u>. The net amount of this post-verdict settlement was $41,542.17 (forty-one thousand, five-hundred forty-two dollars and 17 cents) to McGill Parfait.

3

No. 16-60662

(2) Following a jury trial in April 2017, Petitioner received a favorable verdict against Wood Group, and a judgment was entered on that verdict from which Petitioner enjoyed a net recovery of $41,542.17.

With respect to notice of this settlement and judgment to the Employer/Insurer, Petitioner's counsel responded to the Court's question as follows:

**Question**:  Describe or furnish a copy of any notification Claimant or counsel gave to the employer or insurer of Claimant's intent to settle with either of the third parties with whom settlement was made.

**Response:**

Counsel for Employer/Carrier were specifically invited to attend a mediation session that was held March 10, 2016, and was contacted during the mediation session by Claimant's counsel. This session was specifically called in order to resolve compensation issues and third-party claims.  In addition, Parfait's claims against Wood Group were tried to a jury over five days in April of 2017, which resulted in a favorable verdict to Claimant, and which judgment was published by the District Court on June 2, 2017, and of which Respondents plainly were aware.  Parfait's claims against Wood Group claims were not compromised by settlement.

Claimant contends that counsel for Employer/Carrier received adequate notice of any settlement(s) for which any prior notice was legally required.

## B.    ANALYSIS

Section 33 of the LHWCA guarantees prompt payment of compensation to an employee injured through the negligence of a third party.  Under this scheme,[2] the employee may receive longshore benefits and still maintain a civil

---

[2] 33 U.S.C. § 933, Compensation for injuries where third persons are liable, provides:

(a) Election of remedies

## No. 16-60662

action against a negligent third party. To ensure that the employee does not receive a double recovery, the employer is granted rights to full reimbursement of all benefits paid, including compensation and medical benefits, from net third-party recoveries. If such recoveries exceed benefits already paid, the employer is allowed to credit any remainder against its future liability under the LHWCA.

The Employer relies on § 33(g) of the LHWCA. Section 33(g)(1) provides:

---

If on account of a disability or death for which compensation is payable under this chapter the person entitled to such compensation determines that some person other than the employer or a person or persons in his employ is liable in damages, he need not elect whether to receive such compensation or to recover damages against such third person.

. . . .

(f) Institution of proceedings by person entitled to compensation

If the person entitled to compensation institutes proceedings within the period prescribed in subsection (b) the employer shall be required to pay as compensation under this chapter a sum equal to the excess of the amount which the Secretary determines is payable on account of such injury or death over the net amount recovered against such third person. Such net amount shall be equal to the actual amount recovered less the expenses reasonably incurred by such person in respect to such proceedings (including reasonable attorneys' fees).

(g) Compromise obtained by person entitled to compensation

(1) If the person entitled to compensation (or the person's representative) enters into a settlement with a third person referred to in subsection (a) for an amount less than the compensation to which the person (or the person's representative) would be entitled under this chapter, the employer shall be liable for compensation as determined under subsection (f) only if written approval of the settlement is obtained from the employer and the employer's carrier, before the settlement is executed, and by the person entitled to compensation (or the person's representative). The approval shall be made on a form provided by the Secretary and shall be filed in the office of the deputy commissioner within thirty days after the settlement is entered into.

(2) If no written approval of the settlement is obtained and filed as required by paragraph (1), or if the employee fails to notify the employer of any settlement obtained from or judgment rendered against a third person, all rights to compensation and medical benefits under this chapter shall be terminated, regardless of whether the employer or the employer's insurer has made payments or acknowledged entitlement to benefits under this chapter.

5

No. 16-60662

If the person entitled to compensation (or the person's representative) enters into a settlement with a third person referred to in subsection (a) for an amount less than the compensation to which the person (or the person's representative) would be entitled under this chapter, the employer shall be liable for compensation as determined under subsection (f) only if written approval of the settlement is obtained from the employer and the employer's carrier, before the settlement is executed, and by the person entitled to compensation (or the person's representative). The approval shall be made on a form provided by the Secretary and shall be filed in the office of the deputy commissioner within thirty days after the settlement is entered into.

Subsection 33(g)(2) provides further:

If no written approval of the settlement is obtained and filed as required by paragraph (1), or if the employee fails to notify the employer of any settlement obtained from or judgment rendered against a third person, all rights to compensation and medical benefits under this chapter shall be terminated, regardless of whether the employer or the employer's insurer has made payments or acknowledged entitlement to benefits under this chapter.

Section 33(g), quoted above, which requires the employee to obtain written approval of certain third-party settlements and to give notice of all third-party settlements and judgments, is designed to ensure that the employer's rights are protected in the settlement and to prevent the claimant from unilaterally bargaining away funds to which the employer or its carrier might be entitled under 33 U.S.C. § 933(b)-(f). In particular, the notice requirement enables an employer to protect its right to set off the settlement amount against its future obligations and its right to reimbursement of its previous payments from the settlement proceeds. Further, it ensures against fraudulent double recovery by the employee.

Parfait has conceded in the filings with the Court that he did not give notice to the Employer or Insurer of his settlement with Apache or the

judgment obtained from Wood Group.  Specifically, with respect to the Apache settlement, Parfait argues that inviting counsel for the Employer/Insurer to a mediation session where settlement was being discussed with Apache put the Employer/Insurer on notice that a settlement might be made in the future. With respect to the judgment Petitioner obtained against Wood Group, Parfait contends that publication of the judgment on the verdict filed in the public records following the trial was sufficient to put the Employer/Insurer on notice of that judgment.  We are unpersuaded that Parfait gave adequate notice as required under § 33(g)(2) with respect to either the settlement or judgment.

*Estate of Cowart v. Nicklos Drilling Co.* is the most relevant Supreme Court authority on the questions presented to us.[3]  In that case, Cowart hurt his hand while working for Nicklos Drilling Company ("Nicklos") on Transco Exploration Company's ("Transco") offshore drilling rig.[4]  Although Cowart had received no formal award and was not receiving compensation, the Department of Labor notified Nicklos's carrier that it owed Cowart $35,592.77 for permanent partial disability.[5]  Cowart made a third-party settlement with Transco in his tort action against the platform owner from which he received a net amount of $29,350.60.[6]  The settlement was funded by Nicklos under an indemnity agreement with Transco.[7]  Although Nicklos had notice of the settlement, Cowart did not obtain written approval from Nicklos to make this settlement.[8]

Because Subsection (g)(1) begins "[i]f the person entitled to compensation . . . enters into a settlement with a third person," the ALJ found that because

---

[3] 505 U.S. 469 (1992).
[4] *Id.* at 471.
[5] *Id.* at 471, 473-74.
[6] *Id.* at 471.
[7] *Id.* at 471-72.
[8] *Id.*

No. 16-60662

Cowart was not receiving compensation, the written approval requirement did not apply to him.[9] This Court reversed, holding that the approval requirement applied regardless of the fact that the employee was not receiving compensation and no award had been made in his favor.[10] The Supreme Court agreed and, in affirming this en banc Court's judgment, found that while § 33(g)(1) requires the employer's written approval of settlements for amounts less than the employee's compensation entitlement, only notice to the employer is required for other settlement amounts and for any judgment obtained against a third party. Specifically, the Court stated:

> An employee is required to provide notification to his employer, but is not required to obtain written approval, in two instances: (1) Where the employee obtains a judgment, rather than a settlement, against a third party; and (2) Where the employee settles for an amount greater than or equal to the employer's total liability. Under our construction the written-approval requirement of § 33(g)(1) is inapplicable in those instances, but the notification requirement of § 33(g)(2) remains in force. That is why subsection (g)(2) mandates that an employer be notified of 'any settlement.'[11]

The Court also explained the reasons that notice is sufficient in those instances:

> In cases where a judgment is entered . . . the employee does not determine the amount of his recovery, and employer approval, even if somehow feasible, would serve no purpose. And in cases where the employee settles for greater than the employer's liability, the employer is protected regardless of the precise amount of the settlement because his liability for compensation is wiped out. Notification provides full protection to the employer in these situations because it ensures against fraudulent double recovery by the employee.[12]

---

[9] *Id.* at 473-74.

[10] *See id.* at 471, 473-75. We affirmed this decision in an en banc opinion. *Id.* at 474.

[11] *Id.* at 475, 482 (emphasis added).

[12] *Id.* at 482-83.

No. 16-60662

Under the above language from the Supreme Court in *Cowart*, Parfait's rights to compensation and medical benefits under the LHWCA must be terminated. The Employee (Parfait) received $325,000 in the settlement of his claim against Apache. He has appealed the ALJ's award of $1,493.60 and challenges the BRB's denial of benefits for his back injury. If the settlement amount is less than the compensation to which the Employee would ultimately be entitled, § 33(g)(1) required him to obtain his Employer's written approval (which he undisputedly did not obtain). And if the settlement amount is greater than the compensation to which he would ultimately be entitled, § 33(g)(2) required him to give his Employer notice of the settlement (which he did not give).

In addition, the Employee received sums in the amount of $41,542.17 by way of a judgment against another third party, Wood Group. Subsection 33(g)(2) required the Employee to give his Employer notice of this judgment (which he did not give).

Under the statutory scheme, if an employee makes a settlement with or obtains a judgment against a third party, at a bare minimum, the employee must give notice of the settlement or judgment to his employer. Here, the ultimate benefits to which the Employee is entitled have never been finally determined. That determination is not necessary here because whatever the outcome of this appeal, his failure to give notice of the settlement and judgment would terminate his right to compensation.

The Supreme Court's reasons outlining the consequences of Cowart's failure to obtain written approval from the employer of a settlement apply equally to the failure of Parfait to give notice of the sums he received in settlement and judgment from third parties.

9

No. 16-60662

First, the Court stated that with respect to § 33(g)(1) (requiring the employee to obtain written approval for certain settlements), "Congress has spoken with great clarity to the precise question raised by this case. It is the duty of the courts to enforce the judgment by the Legislature."[13] The same can be said for the clarity of § 33(g)(2) to the question presented in this case relative to the requirement of the employee to give notice of judgment and settlement.

The Court also observed that accepting *Cowart's* interpretation would conflict with the goals of § 33(f). "It mandates that an employer's liability be reduced by the net amount a person entitled to compensation recovers from a third party."[14] The same difficulty would be presented by accepting Petitioner's argument in this case.

There is a dearth of federal circuit court opinions on the type of notice that must be given in order to satisfy § 33(g)(2). The BRB, however, has given a strict interpretation to that section. In *Fisher v. Todd Shipyards Corp.*, the employer challenged an ALJ's determination that compensation was not barred by § 33(g)(2) since the employer had denied liability for compensation and was not prejudiced by the settlement.[15] The BRB disagreed with the ALJ, stating:

> [T]he plain language of Section 33(g)(2) places on claimant an affirmative duty to notify employer, before the entry of an award of benefits, of any third-party settlement or judgment obtained by claimant. Employer's mere knowledge of settlements or the absence of prejudice to employer will not suffice to prevent the absolute bar to compensation from being invoked. To hold otherwise would virtually read Section 33(g)(2) out of the statute.[16]

---

[13] *Id.* at 483-84.

[14] *Id.* at 479.

[15] 21 BRBS 323 (1988).

[16] *Id.*

No. 16-60662

Since *Cowart*, the BRB has consistently employed this strict interpretation, holding that if the employee settles for an amount greater than the total liability of the employer and fails to give notice of that settlement, the employee suffers the termination of his benefits.[17] This is required to protect the employer's right to offset third-party recovery against its liability for compensation and also to prevent a fraudulent double recovery.

It is clear to us that Petitioner's counsel's telephonic notice on March 10, 2016 to Respondents' counsel that a mediation was being held to attempt to compromise the Petitioner's claim against Apache was just that -- notice that Parfait was trying to settle that case. That is clearly inadequate notice of the settlement that was ultimately made on April 25, 2016. Similarly, we reject the argument that the court's filing of the judgment obtained against Wood Group in the public record amounted to the required notice to the Employer. A finding that this constituted the requisite notice would, in the language of the Supreme Court in *Cowart*, be contrary to "the clear meaning"[18] of § 33(g)(2) as written,[19] and the "affirmative duty to notify."

---

[17] *Edwards v. Marine Repair Servs., Inc.*, 49 BRBS 71 (2015) ("The Board has held that the plain language of subsection (g)(2) places on the claimant an affirmative duty to notify his employer of the third-party settlement, and the employer's mere knowledge of the settlement or the absence of prejudice to the employer will not suffice to prevent the bar to compensation from being invoked."); *Cooley v. Huntington Ingalls, Inc.*, 49 BRBS 45 (UBD) (2014) ("Although employer gained knowledge of agreements through the discovery process, the administrative law judge must address whether claimant satisfied his affirmative duty to notify employer . . . of any third-party judgment he obtained."); *H.S. v. Pacorini USA, Inc.*, No. 07-0991 (BRB June 30, 2008) (UBD) ("Pursuant to the Supreme Court's decision in *Cowart*, 505 U.S. 469, 26 BRBS 49 (CRT), if claimant *either* fails to comply with the written approval requirement of Section 33(g)(1) *or* fails to give notice to employer in the instances where written approval is not required, *i.e.,* a settlement exceeding compensation entitlement or a judgment, the forfeiture provision applies."); *Dilts v. Todd Shipyard Corp.*, No. 02-0434 (BRB Mar. 12, 2003) (UBD) ("There is no requirement under Section 33(g) that employer establish prejudice in order for Section 33(g) to bar a claim for compensation.").

[18] *Cowart*, 505 U.S. at 476.

[19] 33 U.S.C. § 933(g)(2) (requiring "*the employee* . . . to notify the employer of any settlement obtained from or judgment rendered against a third person").

11

## C.    CONCLUSION

We find no reason to remand this case to the BRB for fact-finding. The Employee in this case did not comply with the approval and notice requirements of § 33(g) (1) and (2) with respect to his third-party settlement with Apache or his judgment against Wood Group. This failure requires termination of any right to compensation or medical benefits Petitioner might otherwise have under the LHWCA.  We therefore grant Respondents' motion and dismiss this appeal.